IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEAGAN BUCKHOLTZ, | No. C 09-06037 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT McCARTHY'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND SETTING INITIAL CASE MANAGEMENT CONFERENCE FOR OCTOBER 5, 2010 AT 2:30** |
| v. | |
| SANTA CLARA COUNTY, *et al.*, | |
| Defendants. | |

Defendant McCarthy's motion to dismiss is scheduled for a hearing on September 10, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss without leave to amend.

**BACKGROUND**

Plaintiff Meagan Buckholtz, a former dependent of the Santa Clara County Juvenile Court, filed this *pro se* action alleging various federal civil rights violations under 42 U.S.C. § 1983, as well as a number of state tort violations. Plaintiff has sued the County of Santa Clara ("County") and over 20 County officials and employees, including Santa Clara County Superior Court Commissioner Kristine McCarthy, who presided over plaintiff's dependency proceedings.

Plaintiff's complaint alleges that her mother, Kelley Tucker (previously known as Kelley Mah) contacted the Santa Clara County Social Services Agency ("SSA") in April 1999 after she "became

aware of her children's sexual acting out." FAC ¶ 2.[1] The complaint alleges that instead of providing help and support for plaintiff and her family, the county social worker, defendant Kathleen Dudley, "began to conscientiously tear Meagan and her family apart." *Id.* ¶ 3. Plaintiff alleges that she spent 1 year and four months in the care and custody of SSA, and that while in foster care she suffered severe physical and emotional abuse. *Id.* ¶ 4.

As relevant to the pending motion, the complaint alleges, "Important to Meagan's case is the fact that the Juvenile Dependency Court System was used to violate her constitutional rights, instead of insuring them. Commissioner McCarthy had oversight to all juvenile dependency proceedings in Meagan and her sibling's cases." *Id.* ¶ 6. The complaint alleges,

> Defendant Commissioner McCarthy whose acts are alleged herein were performed under the color of state law was at all times material hereto, upon Plaintiff's information and belief, appointed Commissioner over Department of Juvenile Dependency court by Superior Court Judge, Leonard Edwards. As a Commissioner, she had oversight in the Dependency petitions and proceedings in Santa Clara County. She was the only Commissioner assigned to Meagan and her sibling's cases. She is sued in her official and individual capacity and Meagan is only seeking declaratory relief against this defendant because of her status. Her acts and commissions reasonably illustrate her participation in the Constitutional violations perpetrated upon Meagan and her siblings and her participation in the Conspiracy to deny Meagan's rights and were a huge factor for the condoning of the social workers' actions to bring to completion their conspiracy to deny Meagan's constitutional rights.

*Id.* ¶ 31.

Now before the Court is defendant McCarthy's motion to dismiss. Plaintiff's opposition to the motion was due by August 20, 2010. Plaintiff has not filed an opposition to the motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although courts do not require "heightened fact

---

[1] Plaintiff's brothers allegedly sexually molested plaintiff.

2

pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant McCarthy moves to dismiss the claims against her on the grounds of judicial immunity, the *Rooker-Feldman* doctrine, and the statute of limitations. A state judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Here, the complaint challenges defendant McCarthy's conduct in presiding over plaintiff's dependency proceedings, and thus defendant is being sued for acts performed in her judicial capacity. Accordingly, defendant is immune from a suit for damages.

The complaint alleges, however, that plaintiff seeks purely declaratory relief against defendant McCarthy. Compl. ¶ 31. The doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Plaintiff's dependency proceedings are over, however, and thus

equitable relief against defendant McCarthy is no longer available.[2] *Ashelman*, 793 F.2d at 1075. Because the Court finds dismissal is appropriate on these grounds, the Court does not reach defendant's arguments about the *Rooker-Feldman* doctrine or the statute of limitations.[3] Accordingly, plaintiff's claims are DISMISSED without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss without leave to amend. (Docket No. 13). The Court will hold an initial case management with the parties on **October 5, 2010 at 2:30 pm.** The parties shall file a joint case management statement no later than **September 28, 2010**.

**IT IS SO ORDERED.**

Dated: September 7, 2010

SUSAN ILLSTON
United States District Judge

---

[2] In addition, the Court takes judicial notice of the fact that plaintiff's dependency case was closed on October 24, 2001. *See* Docket No. 248 in *Wittman v. Saenz*, C 02-2893 SI (citing documents filed by defendants in related action regarding plaintiff's dependency case).

[3] The Court notes, however, that defendant's motion does not address whether the statute of limitations was tolled during the time plaintiff was a minor. *See* Cal. Code of Civ. Proc. § 352.

4